# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES -- GENERAL

Case No.  **CV 20-237-JFW(PJWx)**　　　　　　　　　　　　　　Date:  February 25, 2020

Title:　　Carlos F. Miranda, et al. *-v-* Ford Motor Company, et al.

---

**PRESENT:**
### HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE

| Daisy Rojas | None Present |
|---|---|
| **Courtroom Deputy** | **Court Reporter** |

**ATTORNEYS PRESENT FOR PLAINTIFFS:**　　**ATTORNEYS PRESENT FOR DEFENDANTS:**
　　　　None　　　　　　　　　　　　　　　　　　　　　　　None

**PROCEEDINGS (IN CHAMBERS):**　　ORDER GRANTING PLAINTIFFS' MOTION TO REMAND [filed 1/28/20; Docket No. 11]

On January 28, 2020, Plaintiffs Carlos F. Miranda and Debi R. Miranda (collectively, "Plaintiffs") filed a Motion to Remand ("Motion").  On February 10, 2020, Defendants Ford Motor Company ("Ford") and Galpin Motors, Inc., d/b/a Galpin Motors ("Galpin") (collectively, "Defendants") filed their Opposition.  On February 14, 2020, Plaintiffs filed a Reply.  Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument.  The hearing calendared for March 2, 2020 is hereby vacated and the matter taken off calendar. After considering the moving, opposing, and reply papers, and the arguments therein, the Court rules as follows:

**I.　　Factual and Procedural Background**

On December 4, 2019, Plaintiffs filed a Complaint against Defendants in Los Angeles Superior Court, alleging causes of action for: (1) violation of California Civil Code § 1793.2(d); (2) violation of California Civil Code § 1793.2(b); (3) violation of California Civil Code § 1793.2(a)(3); (4) breach of express written warranty pursuant to California Civil Code §§ 1791.2(a) and 1794; (5) breach of the implied warranty of merchantability pursuant to California Civil Code §§ 1791.1, 1794, and 1795.5; and (6) negligent repair.[1]  In their Complaint, Plaintiffs allege that they bought a 2010 Ford Flex and that during the warranty period the vehicle developed defects, including but not limited to defects to the brakes, the transmission, and the powertrain control module.

On January 8, 2020, Defendants filed a Notice of Removal, alleging that this Court has

---

[1] The first through fifth causes of action are alleged against Ford only.  The sixth cause of action is alleged against Galpin only.

jurisdiction pursuant to 28 U.S.C. § 1332(a).

## II. Legal Standard

A motion to remand is the proper procedure for challenging removal. *See N. Cal. Dist. Council of Laborers v. Pittsburg-Des Moines Steel Co.*, 69 F.3d 1034, 1038 (9th Cir.1995). The removal statute is strictly construed, and any doubt about the right of removal is resolved in favor of remand. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir.1992); *see also Prize Frize, Inc. v. Matrix, Inc.*, 167 F.3d 1261, 1265 (9th Cir.1999). Consequently, if a plaintiff challenges the defendant's removal of a case, the defendant bears the burden of establishing the propriety of the removal. *See Gaus*, 980 F.2d at 566; *see also Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir.1996) (citations and quotations omitted) ("Because of the Congressional purpose to restrict the jurisdiction of the federal courts on removal, the statute is strictly construed, and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."*)*.

## III. Discussion

Diversity jurisdiction founded under 28 U.S.C. § 1332(a) requires that (1) all plaintiffs be of different citizenship than all defendants, and (2) the amount in controversy exceed $75,000. *See* 28 U.S.C. § 1332(a). In this case, although Defendants admit that Plaintiffs and Galpin are all citizens of California, Defendants contend that Galpin was fraudulently joined, and, thus, its presence in the lawsuit should be ignored. "Although an action may removed to federal court only where there is complete diversity of citizenship, . . . one exception to the requirement for complete diversity is where a non-diverse defendant has been 'fraudulently joined.'" *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009) (quotations and citations omitted). If the plaintiff "fails to state a cause of action against a resident defendant, and the failure is obvious according to the *settled* rules of the state, the joinder of the resident defendant is fraudulent." *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987) (emphasis added). If the Court finds that the joinder of a non-diverse defendant is fraudulent, that defendant's presence in the lawsuit is ignored for the purposes of determining diversity. *See, e.g., Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).

"There is a presumption against finding fraudulent joinder, and defendants who assert that plaintiff has fraudulently joined a party carry a heavy burden of persuasion." *Plute v. Roadway Package Sys., Inc.*, 141 F. Supp. 2d 1005, 1008 (N.D. Cal. 2001). A claim of fraudulent joinder should be denied if there is *any possibility* that the plaintiffs may prevail on the cause of action against the in-state defendant. *See id.* at 1008, 1012. "The standard is not whether plaintiffs will actually or even probably prevail on the merits, but whether there is a *possibility* that they may do so." *Lieberman v. Meshkin, Mazandarani*, 1996 WL 732506, at *3 (N.D. Cal. Dec. 11, 1996) (emphasis added). "In determining whether a defendant was joined fraudulently, the court must resolve 'all disputed questions of fact and all ambiguities in the controlling state law in favor of the non-removing party.'" *Plute*, 141 F. Supp. 2d at 1008 (quoting *Dodson v. Spiliada Maritime Corp.*, 951 F.2d 40, 42-43 (5th Cir. 1992)). Moreover, any doubts concerning the sufficiency of a cause of action due to inartful, ambiguous, or technically defective pleading must be resolved in favor of remand. *See id.*

The Court concludes that Defendants have not carried their burden of demonstrating that

Galpin has been fraudulently joined. In their Complaint, Plaintiffs allege a cause of action for negligent repair against Galpin. Although Defendants claim that Plaintiffs cannot possibly prevail on their negligent repair claim against Galpin, the Court concludes that Defendants' arguments that Plaintiffs' negligent repair claim is barred by the statute of limitations and the economic loss rule are unpersuasive and better raised in a demurrer, motion to dismiss, or motion for summary judgment rather than a notice of removal. *See, e.g., Sabicer v. Ford Motor Company*, 362 F. Supp. 3d 837 (C.D. Cal. 2019) (granting motion for remand and finding that neither the economic loss rule nor the statute of limitations necessarily barred the plaintiffs' negligent repair claim against the dealership); *Lytle v. Ford Motor Co.*, 2018 WL 4793800, at *2 (E.D. Cal. Oct. 2, 2018) ("California law is not so settled that a plaintiff could not possibly recover against a dealership for negligent repair of a vehicle"). Therefore, Defendants have failed to meet their burden of demonstrating that Galpin has been fraudulently joined. *See Grancare, LLC v. Thrower ex rel. Mills*, 889 F.3d 543, 547 (9th Cir. 2018) ("[F]raudulent joinder should not be found if there is 'any possibility' that a plaintiff could state a claim against the defendant, even if the complaint actually fails to state a claim"); *see also Knutson v. Allis-Chalmers Corp.*, 358 F.Supp. 2d 983 (D. Nev. 2005) (holding that "it is the Removing Defendants who carry the burden of establishing a failure to state a claim. The Court's responsibility is to consider legal arguments and factual evidence, presented by the Defendants, and determine whether Plaintiffs had no claims against the non-diverse Defendants as a matter of well-settled law").

In the alternative, Defendants ask in their Notice of Removal and their Opposition that this Court exercise its discretion under Rule 21 to dismiss Galpin as a party. Dismissal of a dispensable nondiverse party should be exercised sparingly after considering whether such dismissal will prejudice any of the parties in the litigation. *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 832-38 (1989) (holding that "it is well settled that Rule 21 invests district courts with authority to allow a dispensable nondiverse party to be dropped at any time"). In this case, the claims of both Ford and Galpin are sufficiently intertwined, factually and legally, that severance would be inconvenient and inefficient. Because Galpin performed repairs of the vehicle at issue, it would be far more convenient for Plaintiffs to present any claims related to those repairs in the same case. Accordingly, the Court declines to exercise its discretion under Rule 21.

### IV.     Conclusion

For all the foregoing reasons, Plaintiffs' Motion is **GRANTED**. This action is **REMANDED** to Los Angeles Superior Court for lack of subject matter jurisdiction. *See* 28 U.S.C. § 1447(c).

IT IS SO ORDERED.